### NEV-A-HONE RAZOR STROP CO. v. SCHWARTZ et al.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

1. LANDLORD AND TENANT (§ 161*)—INJURY TO TENANT'S PROPERTY—DAMAGES —PLEADING AND PROOF.

Where plaintiff pleaded and proved an unlawful interference with, and injury to, its property on leased premises after its lease expired, by defendants, whose lease commenced upon the expiration of plaintiff's lease, it was entitled to damages, though it pleaded the conclusion that such unlawful acts were in violation of an agreement.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 627, 628; Dec. Dig. § 161.*]

2. TRIAL (§ 159*)—DISMISSAL—FAILURE OF PROOF.

Where plaintiff's failure to prove damages from defendants' unlawful acts was caused by the sustaining of objections to which it duly excepted, a motion for a dismissal because of such failure was improperly granted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 341, 359–367; Dec. Dig. § 159.*]

Page, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by the Nev-a-hone Razor Strop Company against Benjamin Schwartz and another. From a judgment dismissing the complaint at the close of plaintiff's case, it appeals. Reversed and new trial granted.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

House, Grossman & Vorhaus, of New York City (Gerald B. Rosenheim, of New York City, of counsel), for appellant.

Lyman E. Warren, of New York City, for respondents.

BIJUR, J. The complaint sets out that the plaintiff, a tenant in No. 1370 Broadway under a lease which was to expire May 1, 1912, on or about that date leased from defendants premises, theretofore occupied by them at No. 1368 Broadway, for a period of three years from June 1, 1912, which lease was in writing. Prior to and simultaneously with the making of that lease, and in consideration thereof, the defendants, who had become lessees of No. 1370 Broadway from

May 1, 1912, agreed to allow plaintiff to continue in possession of the latter during the month of May. The complaint alleges that in violation of that agreement defendants entered upon the premises No. 1370 during the month of May; made extensive alterations therein; injured some of plaintiff's property there exhibited; and so interfered with plaintiff's business as to deprive it of certain sales and profits.

[1, 2] Although the complaint alleges the conclusion of law that defendants' acts were "in violation of an agreement," nevertheless plaintiff, having pleaded and proved an unlawful interference with and injury to its property by defendants, was entitled to recover damages therefor, and the motion to dismiss, so far as it was addressed to failure to prove facts sufficient to constitute a cause of action, should have been denied. It was also based on failure to prove damages; but, as all plaintiff's efforts to prove loss and injury to the stock in No. 1370 Broadway were successfully objected to by defendants, and plaintiff duly excepted to such rulings, defendants' motion as a whole was improperly granted.

Plaintiff claimed at the trial that, although its complaint did not so allege, defendants were aware of plaintiff's purpose in retaining possession of the premises No. 1370 during the month of May, and of the effect which interference therewith would have upon plaintiff's business. It asked leave to withdraw a juror in order to apply at Special Term for leave to amend the complaint by setting up the appropriate allegations, which leave was denied.

Under the circumstances, the judgment is reversed, and a new trial granted, with costs to appellant to abide the event, with leave to plaintiff to apply within 10 days at Special Term for permission to amend the complaint if it be so advised.

LEHMAN, J., concurs. PAGE, J., dissents.